IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00514-BNB

VINCENT G. KOURIS,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN SUTHERS,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Vincent G. Kouris, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Kouris, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Kouris is challenging the validity of his conviction and sentence in Case No. 06CR468 in the Mesa County District Court.

    The Court must construe liberally the Application filed by Mr. Kouris because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. Background and State Court Proceedings

Mr. Kouris was convicted by a jury on two counts of first degree burglary and one count of first degree criminal trespass. Pre-Answer Resp. at 3. The prosecution also filed three habitual criminal charges against Mr. Kouris. *Id.* at Ex. D, p. 2. After trial, the state court adjudicated Mr. Kouris as an habitual criminal and sentenced him to forty-eight years in the Department of Corrections. *Id.*

Mr. Kouris' convictions were affirmed on direct appeal. *See People v. Kouris*, No. 07CA0431 (Colo. App. Oct. 30, 2008) (unpublished opinion) (Pre-Answer Resp. at Ex. B). Mr. Kouris filed a petition for certiorari review, which the Colorado Supreme Court denied on February 17, 2009. *Id.* at Ex. C.

On January 26, 2010, Mr. Kouris filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c), which the trial court denied on February 18, 2010. Pre-Answer Resp. at Ex. A, p. 8. Mr. Kouris filed an appeal, and the Colorado Court of Appeals affirmed the trial court on June 23, 2011. *Id.* at Ex. D. Mr. Kouris sought certiorari review, which the Colorado Supreme Court denied on December 12, 2011. *Id.* at Ex. E.

Mr. Kouris then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court on February 29, 2012. Mr. Kouris asserts two claims in the Application: (1) he was provided ineffective assistance of counsel on direct appeal; and (2) the plea bargain was unconstitutionally used to enhance his sentence.

On February 29, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents filed a Pre-Answer Response on March 29, 2012. Mr. Kouris submitted a Reply on April 19, 2012.

In the Pre-Answer Response, Respondents concede that Mr. Kouris's Application is timely. However, Respondents argue that Mr. Kouris' claims are unexhausted in the state courts and are now procedurally defaulted.

**II. Exhaustion and Procedural Default**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

(per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a state court has deemed the issue procedurally barred. *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). A claim is precluded from federal habeas review when it has been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]." *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

In his first claim, Mr. Kouris asserts that he was provided ineffective assistance of appellate counsel because counsel failed to raise certain claims on direct appeal. *See* Application (Doc. # 1) at 9. Mr. Kouris did not raise this claim of ineffective assistance

of counsel on post-conviction appeal  *See* Pre-Answer Resp. at Exs. D, H, I, J.  Instead, on post-conviction appeal, Mr. Kouris asserted that he was provided ineffective assistance of counsel because counsel failed to suppress Mr. Kouris' prior convictions and failed to request that Mr. Kouris' son be allowed to testify in street clothes.  *Id.* at Ex. H, p. 13.  However, Mr. Kouris' failure to raise the same ineffective assistance claim in the state courts that he now asserts in this Court renders the claim unexhausted.

Moreover, with limited exceptions that are not applicable to Claim One, the Colorado Rules of Criminal Procedure bar Mr. Kouris from raising a claim in a post-conviction motion that was already raised on post-conviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).  Therefore, the Court finds that Mr. Kouris has procedurally defaulted Claim One.

Claim Two is titled "Unconstitutional Plea Bargain Used to Enhance Sentence" and appears to be the same claim that Mr. Kouris raised on post-conviction appeal. Application at 10.  In his post-conviction appeal, Mr. Kouris argued that one of his three prior felonies "was obtained in a constitutionally invalid manner due to a faulty advisement for his guilty plea."  Pre-Answer Resp. at Ex. H, p. 38.  The Colorado Court

of Appeals declined to address the merits of this claim. First, the appellate court held that the claim could have been raised on direct appeal and, therefore, was barred pursuant to Colorado Rule of Criminal Procedure 35(c)(3)(VIII). Pre-Answer Resp. at Ex. D, p. 8. Second, the appellate court found that the claim was bare and conclusory because Mr. Kouris failed to provide any factual allegations in support of his claim. *See id.* at 9 (citing *People v. Vieyra*, 169 P.3d 205, 209 (Colo. App. 2007) ("A trial court may . . . deny a postconviction motion without a hearing if the claims are bare and conclusory and lack supporting factual allegations."). The state appellate court's refusal to address claim two was an express application of an established state rule of procedural default. Under the independent and adequate state ground doctrine, where the state court's last explained denial of a claim is expressly based on the application of a state rule of procedural default, federal habeas review of the merits of the claim is barred. *See, e.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991); *Klein v. Neal*, 45 F.3d 1395, 1398-99 (10th Cir. 1995).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S. Ct. 238 (2009)); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Kouris' *pro se* status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Kouris must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at1319. An applicant, however, must first raise an independent constitutional claim in state court before it can be used to establish cause for procedural default. *See Livingston v. Kansas*, 407 F. App'x 267, 273 (10th Cir. 2010) (citing *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *see also, Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010).

Mr. Kouris has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. As a result, Claims One and Two are procedurally barred from federal habeas review and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant's claims are procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of    May          , 2012.

BY THE COURT:


　　s/Lewis T. Babcock  
　　LEWIS T. BABCOCK, Senior Judge  
　　United States District Court